EMELINE LEE, Appellant, *v.* MARY A. TIMKEN, Respondent.

*Settlement of a disputed claim — release.*

Where it is claimed by one person that another owes her $10,000, which liability is wholly disputed, and it is agreed between them that $4,000 shall be paid and accepted in settlement of the claim, which is done, and a release is executed, such release is a bar to any recovery by the creditor for the claim, unless it is made to appear that the acceptance of the same was induced by fraud.

APPEAL by the plaintiff, Emeline Lee, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 12th day of January, 1895, upon the decision of the court rendered at the New York Special Term sustaining the defendant's demurrer to the complaint, and also from the order directing the entry of said judgment and sustaining the defendant's demurrer to the complaint.

*V. W. Kingsley,* for the appellant.

*Geo. E. Mott,* for the respondent.

PARKER, J. :

We quite agree with the reasons given by the learned judge at Special Term for sustaining the demurrer to each of the causes of action attempted to be alleged in the complaint, and were it not that the appellant seems to present a question to this court, not brought to the attention of the Special Term, further discussion could be avoided.

The facts alleged as constituting the first cause of action are that James Lee, the father of the defendant and the husband of plaintiff, being the owner of two pieces of real estate, one of which he desired the plaintiff to have, and that defendant should have the other, summoned them to him and proposed that he should execute to them, and deliver to one White in escrow, deeds for the property which he intended they should respectively have, and required of the defendant, as the property to be conveyed to her was of far greater value than that intended for his wife, that she should agree to pay off a $10,000 mortgage which was an incumbrance upon the property to be conveyed to the plaintiff. That defendant assented to this

arrangement, and the deeds were accordingly executed and delivered in escrow.

Subsequently the grantor died, and the deeds were respectively delivered to the plaintiff and defendant, but defendant in violation of her agreement refused to pay off the $10,000 mortgage, and a settlement was thereafter had whereby plaintiff was induced to accept $4,000 and execute a release to the defendant.

The complaint continues that since the settlement plaintiff has discovered that defendant admitted to certain parties that she had agreed to pay the sum of $10,000 to cancel and discharge the mortgage, and the prayer demands that the release be set aside as having been procured and obtained from the plaintiff upon false representations. An examination of the complaint fails to disclose any suggestion that the plaintiff was misled by the assertions of the defendant; on the contrary, it appears that she then understood the facts to be precisely as she now claims them. She alleges, in effect, that this understanding and agreement between James Lee, this defendant, and herself was arrived at when all three were together. So, when defendant refused to pay the mortgage and denied the existence of the agreement, the plaintiff knew what the facts were, and, with that knowledge, she concluded to accept $4,000 in settlement rather than attempt to enforce her claim for the full amount. Her position, as stated in the complaint, therefore, is, I knew all about the facts when I settled with the defendant, but I feared to risk a contest. Now I am informed that I can strengthen the evidence which I had by the admissions of the defendant, and so I ask that the settlement be set aside as fraudulent. Clearly the facts alleged do not entitle the plaintiff to any such relief.

It is also urged, and with some appearance of seriousness, that the acceptance of $4,000 from the defendant, and giving a release therefor, does not stand in the way of a recovery by the plaintiff, because, according to the allegations of the complaint, it was within the rule that the payment of a lesser sum in satisfaction of a greater cannot be any satisfaction for the whole. And some of the many authorities are cited, which, from *Cumber* v. *Wane* (1 Strange, 426) to the present time, have maintained that a creditor can never bind himself by simple agreement to accept a smaller sum in lieu of an ascertained debt of a larger amount, such agreement being *nudum pactum*.

But that is not this case, and the authorities cited have no bearing upon it whatever. Whether there was anything due was in dispute between these parties, the plaintiff insisting that $10,000 should be paid, and the defendant that she was not liable to pay anything. And out of this dispute there came a settlement, by which the defendant agreed to pay and the plaintiff to receive the sum of $4,000.

In accordance with this agreement payment was made, and the plaintiff executed a release to the defendant. While this settlement stands, it is a bar to any further recovery by the plaintiff, and it must continue to stand unless it shall be made to appear that it was induced by the fraud of the defendant.

The judgment should be affirmed, with costs, but with leave to the plaintiff to amend her complaint within twenty days after entry of an order herein upon payment of the costs in the interlocutory judgment and of this appeal.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs, but. with leave to plaintiff to amend complaint within twenty days after entry of order hereon on payment of costs in interlocutory judgment and of this appeal.